Carol Lynn Finklehoffe, CA Bar No. 220309
LIPCON MARGULIES & WINKLEMAN
2800 Ponce De Leon Blvd., Suite 1480
Coral Gables, FL 33134
Tel: 305-373-3016
Fax: 305-373-6204
Email: cfinklehoffe@lipcon.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI BARTON,<br><br>            Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a corporation for profit, and ONESPAWORLD LLC.<br><br>            Defendant. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff, LORI BARTON, brings this action individually. This action is brought against Defendant PRINCESS CRUISE LINES, LTD. (hereinafter "PRINCESS") and Defendant ONESPAWORLD LLC. (hereinafter "ONESPA"), for personal injuries sustained by Plaintiff, LORI BARTON. Plaintiff, LORI BARTON seeks damages and demands a jury trial on all issues so triable against Defendant PRINCESS.

LIPCON, MARGULIES & WINKLEMAN P.A.<br>2800 Ponce De Leon Blvd, Suite 1480<br>Coral Gables, FL 33134<br>TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

**LIPCON, MARGULIES & WINKLEMAN P.A.**
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

## Jurisdiction

1.     This action is an action under general maritime law and the laws of California, as applicable.

2.     The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

3.     This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333, because PRINCESS unilaterally inserts a forum selection clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this federal district and division,* as opposed to any other place in the world.

4.     Defendants, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Purposefully availed themselves of the benefits of conducting activities in California by purposefully directing their activities toward the state, thereby obtaining the benefits and protections of the state's laws;

   e. The acts of the Defendant set out in this Complaint occurred in whole or in part in this state and/or county;

   f. The cruise line ticket for the Plaintiff requires that a suit be brought in this Court against the named Defendants in this action.

5.     At all times material hereto, Defendants are subject to the jurisdiction of

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

the Courts of this state.

## The Parties

6.      The plaintiff was and is a resident of Arizona.

7.       At all times material, PRINCESS was and is a for-profit corporation with its worldwide headquarters, principal address, and principal place of business located in the County of Los Angeles.

8.      At all times material, ONE SPA is a Florida corporation having its principal place of business and worldwide headquarters in Miami, Florida.

## General Allegations

9.      At all times material, PRINCESS was and is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports throughout the world including, Los Angeles, California, and Fort Lauderdale, Florida.

10.      At all times material, PRINCESS derived substantial revenue from cruises originating and terminating in various ports throughout the world including, Los Angeles, California, Miami, Florida, and Fort Lauderdale, Florida.

11.      At all times material, PRINCESS operated, managed, maintained, supervised, chartered, and/or controlled a large commercial vessel named *Majestic Princess*.

12.      At all times material, PRINCESS transported fare-paying passengers on cruises aboard its vessel *Majestic Princess*.

13.      At all times material, the vessel was located in navigable waters.

14.      At all times material, PRINCESS had exclusive custody and control of the vessel.

15.      PRINCESS directly participated in and approved the designs and selection of flooring materials and the layout and design for the interior areas of the subject vessel, including the Lotus Spa.

3

Complaint and Demand for Jury Trial

16.     PRINCESS established internal standards for the use and selection of flooring materials for various areas board its ships, including the subject vessel.  The internal standards included co-efficient of friction for polished granite, marble, and/or other highly slippery surfaces used in heavily trafficked areas where there was a high risk of liquid spills.   Upon information and belief, these internal standards were created and/or approved by PRINCESS.

17.     PRINCESS is aware that many accidents occur from falls due to wet and/or slippery surfaces, requiring them to be regularly maintained, swept, mopped, and properly cleaned.   PRINCESS is aware that improper cleaning of foreign transitory substances creates a hazardous condition if not executed properly, and leads to more injuries, and has therefore developed detailed rules, policies, and procedures (SMS policies and procedures) for these purposes, to minimize the risk of the very injury suffered by Plaintiff as alleged.

18.     PRINCESS offered, advertised, and marketed the spa facilities, the Lotus Spa, to its passengers as part of the overall cruise experience.

19.     At all times material, ONE SPA owned, operated, managed, supervised, and/or maintained the Lotus Spa aboard the vessel, wherein it provided spa services to PRINCESS passengers, including Plaintiff.

20.     At all times material, ONE SPA was under the direction and control of PRINCESS and/or acted as the agent of PRINCESS, thereby rendering PRINCESS vicariously liable for the negligence of ONE SPA and its employees.

## The Incident

21.     At all times material, the Plaintiff was a fare-paying passenger and lawfully aboard the vessel *Majestic Princess*.

22.     On or about September 11, 2022, the Plaintiff was a fare-paying passenger on the subject vessel.

23.     On or about September 11, 2022, Plaintiff slipped and fell on

LIPCON, MARGULIES & WINKLEMAN, P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

unreasonably wet, slick, slippery, and/or unreasonably slippery steps while attempting to exit the pool area.

24.     The wet and unreasonably slick, slippery, and/or uneven nature of the hazardous flooring surface was not open and obvious, and the Plaintiff had no way of knowing the existence of the hazardous condition.

25.     After the Plaintiff's incident, Defendants' crewmembers/employees dried the floor where the Plaintiff had fallen.

26.     As a result of the negligence of Defendants and their actions and failures to provide Plaintiff with a reasonably safe place to walk, Plaintiff fell suffering serious injuries, including but not limited to multiple fractured ribs; fractured vertebra, a partially collapsed lung; and multiple fractures in her foot.

## FIRST CAUSE OF ACTION
## <u>NEGLIGENT FAILURE TO WARN</u>
### As to each defendant

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 26, and alleges as follows:

27.     At all times material, Defendant owed Plaintiff a non-delegable duty to exercise reasonable care under the circumstances.

28.     At all times material, it was the duty of Defendant to maintain the spa interior area in a reasonably safe condition.

29.     At all times material, Defendant also engaged in affirmative undertakings regarding the design, operation, and maintenance of the spa interior area aboard the subject vessel; and in doing so acquired a non-delegable duty to exercise reasonable care in those undertakings.

30.     At all times material, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN, P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

31.   On or about September 11, 2022, Plaintiff was exiting the pool which is a place that Plaintiff is invited to by Defendant and a place Defendant reasonably expected Plaintiff to be.

32.   On or about September 11, 2022, Defendant and/or its agents, servants, joint venturers, and/or employees, breached its duty to warn through the following acts and/or omissions:

a.  Failure to warn the Plaintiff of the unreasonably slippery flooring condition posed to her in the subject area;

b.  Failure to warn Plaintiff that the walkway surface becomes unreasonably hazardous when wet;

c.  Failure to place warning signs to warn Plaintiff of the subject area's unreasonably slippery and hazardous flooring condition;

d.  Failure to block off the subject area to warn passengers including the Plaintiff of the unreasonably slippery and hazardous flooring condition;

e.  Failure to warn passengers and the Plaintiff of other similar accidents previously occurring in the same area or same flooring condition under substantially similar circumstances; and/or

f.  Those acts to be revealed in the course of discovery.

33.   The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have walked in the subject area had Defendant and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to Plaintiff.

34.   Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.   This knowledge was or should have been

Complaint and Demand for Jury Trial

acquired through Defendant's efforts to; mop the floor; through Defendant's promulgation of policies and procedures which were specifically designed to prevent incidents such as the subject incident; maintenance and/or inspections of the deck; through the training, supervision and monitoring of crewmembers; and/or through prior incidents involving passengers injured due to crewmembers negligently maintaining and cleaning foreign subjects from walking surfaces on Defendant's vessels and/or Defendant's similar vessels.

35.    As a result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of wages and ability to work, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

### SECOND CAUSE OF ACTION
### <u>NEGLIGENT FAILURE TO MAINTAIN</u>
### As to each defendant

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 26, and alleges as follows:

36.    At all times material, Defendant owed Plaintiff a non-delegable duty to exercise reasonable care under the circumstances to maintain the spa interior area in a reasonably safe condition.

37.    At all times material, Defendant also engaged in affirmative undertakings regarding the design, operation, and maintenance of the common area passenger walkways aboard the subject vessel; and in doing so acquired a non-

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

delegable duty to exercise reasonable care in those undertakings.

38.     On or about September 11, 2022, Defendant and/or its agents, servants, joint venturers, and/or employees, breached its duty to maintain through the following acts and/or omissions:

a.  Failure to maintain the subject area so that it was clean, dry, and not unreasonably wet, slick, or slippery;

b.  Failure to maintain the subject area with adequate slip-resistant materials such as floor mats so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

c.  Failure to adequately and regularly inspect the subject area to determine whether it was safe for passengers to walk on;

d.  Failure to adequately and regularly inspect the subject area to maintain its flooring free of hazardous conditions so that passengers, including the Plaintiff, were reasonably safe aboard the vessel;

e.   Failure to place caution signs and/or other barriers to prevent passengers from coming into contact with the dangerous/hazardous condition;

f.  Negligently conducting inspection and cleaning operations;

g.  Failure to maintain the area where the Plaintiff's incident occurred free from unreasonably dangerous conditions and/or hazards; and/or

h.  hose acts of negligence to be revealed in the course of discovery.

39.     The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

40.     At all times material hereto, the surface of the subject area was wet, slippery, unreasonably slippery, and/or unreasonably dangerous.

41.     Defendant knew of the foregoing conditions causing Plaintiff's accident

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

8

and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.   This knowledge was or should have been acquired through Defendant's efforts to mop the floor; through Defendant's promulgation of policies and procedures which were specifically designed to prevent incidents such as the subject incident; maintenance and/or inspections of the deck; through the training, supervision and monitoring of crewmembers; and/or through prior incidents involving passengers injured due to crewmembers negligently maintaining and repairing leaks and cleaning foreign subjects from walking surfaces on Defendant's vessels and/or Defendant's similar vessels.

42.     As a result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of wages and ability to work, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

### THIRD CAUSE OF ACTION
### <u>GENERAL NEGLIGENCE</u>
### As to each defendant

Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 through 26, and alleges as follows:

43.     At all times material, Defendant owed Plaintiff a non-delegable duty to exercise reasonable care under the circumstances.

44.     Alternatively, at all material times, Defendant and/or its employees

LIPCON, MARGULIES & WINKLEMAN, P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

9

engaged in certain affirmative undertakings, as hereafter alleged, and in doing so acquired a duty to exercise reasonable care in those undertakings.

45.     On or about September 11, 2022, Defendant and/or its agents, servants, joint venturers, and/or employees, breached its duty of reasonable care through the following acts and/or omissions:

a.  Failure to provide the Plaintiff with reasonable care under the circumstances, including a safe place to walk free of slipping hazards;

b.   Failure to ensure the subject area was free of dangerous and defective conditions(s), including tripping hazard(s);

c.  Failure to identify unreasonably dangerous, defective condition(s) and tripping hazard(s) in the subject area;

d.  Failure to eliminate, modify, and/or correct the unreasonably dangerous, defective condition(s) and slipping hazard(s) in the subject area;

e.  Failing to promulgate and enforce adequate policies and procedures aimed at ensuring that the dangerous, defective condition(s) and tripping hazard(s) which caused Plaintiff's incident would be discovered and corrected;

f.  Failing to promulgate and/or enforce adequate procedures about providing assistance and/or warnings to passengers, including Plaintiff, in the subject area;

g.  Failure to promulgate and/or enforce adequate policies and procedures to ensure that warning signs are placed on or around unreasonably dangerous, defective area(s);

h.  Failing to analyze prior trip/slip-and-fall accidents aboard Defendant's vessels occurring in the same manner and/or area to remedy such dangerous and/or hazardous conditions;

10

i.  Failure to ascertain the cause of prior similar accidents happening on any of Defendant's vessels fleet-wide to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's incident; and/or

j.  Those acts of negligence are to be revealed during discovery.

46.    At all times material hereto, the surface of the subject area was wet, slippery, unreasonably slippery, and/or unreasonably dangerous.

47.    The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's acts and/or omissions.

48.    Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care under the circumstances should have learned of them and corrected them.    This knowledge was or should have been acquired through Defendant's efforts to mop the floor; through Defendant's promulgation of policies and procedures which were specifically designed to prevent incidents such as the subject incident; maintenance and/or inspections of the deck; through the training, supervision and monitoring of crewmembers; and/or through prior incidents involving passengers injured due to crewmembers negligently maintaining and cleaning foreign subjects from walking surfaces on Defendant's vessels and/or Defendant's similar vessels.

49.    As a result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of wages and ability to work, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefore, incurred medical expenses in the care and treatment of plaintiff's injures and suffered physical handicap. The injuries are permanent and continuing in nature, and Plaintiff will suffer the losses and

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

11

impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

WHEREFORE the Plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

## **Prayer for Relief**

WHEREFORE, the Plaintiff respectfully requests the Court enter judgment in her favor and against the Defendants, as follows:

1.  To enter judgment in favor of the Plaintiff against Defendants on all causes of action as alleged herein;

2.  To award compensatory damages in the amount to be ascertained at trial;

3.  To award costs of suit and attorney's fees, as permitted by law;

4.  For prejudgment interest according to proof; and

5.  To enter such other and further relief as the Court deems just under the circumstances.

LIPCON MARGULIES & WINKLEMAN

DATED: September 6, 2023.


BY: *s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
*Attorney for Plaintiff*

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204

## **Demand for Jury Trial**

Plaintiff LORI BARTON hereby demands a trial by jury on all claims for relief.

LIPCON MARGULIES & WINKLEMAN

DATED: September 6, 2023.

BY: *s/ Carol L. Finklehoffe*
　　　CAROL L. FINKLEHOFFE
　　　*Attorney for Plaintiff*

Complaint and Demand for Jury Trial

LIPCON, MARGULIES & WINKLEMAN P.A.
2800 Ponce De Leon Blvd, Suite 1480
Coral Gables, FL 33134
TELEPHONE: (305)373-3016 FAX: (305)373-6204